UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS LOCAL UNION NO. 1 WELFARE FUND, VACATION & HOLIDAY FUND, TRADE EDUCATION FUND, AND 401(K) SAVINGS PLAN,<br><br>Plaintiffs,<br><br>-against-<br><br>PRESTIGE PLUMBING & HEATING, INC.<br><br>Defendant. | 20 CV _____<br><br>**COMPLAINT** |

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

## NATURE OF THE ACTION

1. This is a civil action pursuant to, *inter alia*, Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA") of 1974, as amended, 29 U.S.C. §§ 1132(a)(3) and 1145, an Section 301 of the Labor Management Relations Act "LMRA" of 1947, 29 U.S.C. § 185, by the trustees of a group of multiemployer employee benefit plans to enforce an employer's contractual and statutory obligations to make specified monetary contributions to the plans, and for related relief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367 and 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this judicial district pursuant to 29 U.S.C. §§ 185 and 1132(e)(2).

## THE PARTIES

4. Plaintiffs Trustees of the Plumbers Local Union No. 1 Welfare Fund, Vacation & Holiday Fund, Trade Education Fund, and 401(k) Savings Plan (collectively, the "Local 1 Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated pursuant to various collective bargaining agreements in accordance with section 302(c) of the LMRA, 29 U.S.C. § 186(c). The Local 1 Funds are employee benefit plans within the meaning of section 3(3) of ERISA, 29 U.S.C. § 1002(3). The Funds are administered at 50-02 Fifth Street, Second Floor, Long Island City, New York 11101.

5. Plaintiff Plumbers Local Union No. 1 Welfare Fund is the designated Collection Agent for Local Union No. 1 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada (the "Union") and the Plumbing Industry Promotion Fund of New York City. The Union is, and at all relevant times was, a labor organization within the meaning of section 301 of the LMRA, 29 U.S.C. § 185. The Union represents, and at all relevant times represented, employees in an industry affecting commerce as defined in section 502 of the LMRA, 29 U.S.C. §§ 142.

6. Defendant Prestige Plumbing & Heating, Inc. ("Prestige Plumbing") is a domestic business corporation organized and established under the laws of the State of New York duly authorized to conduct business in the City and State of New York as an employer within the meaning of sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 602(5) and 1145, and was and is an employer in an industry affecting commerce within the meaning of section 301 of the Taft-Hartley Act, 29 U.S.C. § 185. Upon information and belief, Prestige Plumbing maintains its principal place of business at 26 Johnson Street, Staten Island, New York 10309.

## BACKGROUND

7. In or around November 2015, Prestige Plumbing executed a Project Labor Agreement Letter of Assent ("PLA LOA") binding it to the Outer Borough Residential Market Recovery Project Labor Agreement (the "PLA") for the project known as Build It Back Brooklyn (the "Project").

8. Through the PLA, Prestige Plumbing became bound to the collective bargaining agreement between the Association of Contracting Plumbers of the City of New York, Inc. and the Union (the "CBA").

9. Accordingly, at all relevant times, Prestige Plumbing was a party to, and/or manifested its intention to be bound by, a collective bargaining agreement, project labor agreement and/or participation agreement with the Union (the "CBA").

10. Under the CBA, employers agree "to be bound by the provisions of the Trust Agreements pertaining to…[the] Plumbers Local Union No. 1 Welfare…Trade Education…401(k) Saving Plan and any other established funds…" (the "Trust Agreements").

11. The Trust Agreements permit the Local 1 Funds to establish policies, rules, and procedures for the purposes of collecting unpaid contributions to the various benefit funds.

12. Each Trust Agreement states that the assets of that plan include "sums of money that have been or will be paid or which are due and owing to the Funds by the Employers as required by the Collective Bargaining Agreements."

13. Pursuant to the Trust Agreements, the Local 1 Funds adopted Policies for the Collection of Delinquent Fringe Benefit Contributions ("Collection Policies").

14. The CBA and Collection Policies require Prestige Plumbing to make specified hourly contributions to the Local 1 Funds, and to remit Union dues and other specified amounts

withheld from its employees' pay ("union assessments") to the Local 1 Funds, in connection with all plumbing work and other specified work performed on behalf of Prestige Plumbing within the five boroughs of the City of New York ("Covered Work").

15. Additionally, pursuant to the CBA, Trust Agreements, and Collection Policies, Prestige Plumbing is required to submit periodic remittance reports to the Local 1 Funds detailing the number of hours of Covered Work performed by its employees.

16. The CBA, Trust Agreements, and Collection Policies further require Prestige Plumbing to furnish its books and payroll records when requested by the Local 1 Funds for the purpose of conducting an audit to ensure compliance with its required benefit fund contribution obligations.

17. Under the documents and instruments governing the Local 1 Funds including their Trust Agreements and Collection Policies, employers whose contributions are delinquent are liable for the amount of delinquent contributions, interest thereon at an annual rate of ten percent (10%), liquidated damages of twenty percent (20%) of the principal amount due, attorneys' fees, audit fees, and other collection costs.

18. Pursuant to the CBA, Trust Agreements, and Collection Policies, the Local 1 Funds Funds conducted an audit of Prestige Plumbing covering the period February 1, 2016 through November 30, 2018 (the "Audit").

19. The Audit revealed that Prestige Plumbing failed to make required contributions owed to the Local 1 Funds in the principal amount of $68,185.16 for the period February 1, 2016 through November 30, 2018.

20.     The Audit also revealed that Prestige Plumbing failed to remit union assessments and other related payments of $5,432.01 for the period February 1, 2016 through November 30, 2018.

21.     Despite due demand, Prestige Plumbing has failed to pay any portion of the Audit.

22.     Pursuant to the CBA, the documents and instruments governing the Local 1 Funds, and Section 502(g)(2) and 515 of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185, Prestige Pluming is liable to the Local 1 Funds for: (1) contributions of $68,185.16 and union assessments and other related payments of $5,432.01 for the period February 1, 2016 through November 30, 2018 as revealed by the Audit; (2) interest on the unpaid contributions at an annual rate of ten percent (10%); (3) liquidated damages in the amount of twenty percent (20%) of the amount of delinquent contributions due and owing; and (4) all reasonable attorneys' fees, audit costs, and collections costs incurred by the Plaintiffs.

## FIRST CLAIM FOR RELIEF AGAINST PRESTIGE PLUMBING
*Unpaid Contributions Under 29 U.S.C. § 1145*

23.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

24.     Section 515 of ERISA, 29 U.S.C. § 1145, provides that employers "obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement."

25.     The CBA requires that Prestige Plumbing make contributions to Plaintiffs for all Covered Work it performs within the trade and geographical jurisdiction of the Union.

26.     Pursuant to the Audit, Prestige Plumbing owes the Local 1 Funds benefit contributions in the amount of $68,185.16 and union assessments and other related payments of $5,432.01 for the period February 1, 2016 through November 30, 2018.

27.     Pursuant to the CBA and ERISA sections 502(a)(3), 502(g)(2), and 515, 29 U.S.C. §§ 1132(a)(3), (g)(2) and 29 U.S.C. § 1145, Prestige Plumbing is liable to the Local 1 Funds for: (1) contributions of $68,185.16 and union assessments and other related payments of $5,432.01 for the period February 1, 2016 through November 30, 2018 as revealed by the Audit; (2), interest on the unpaid contributions at an annual rate of ten percent (10%); (3) liquidated damages in the amount of twenty percent (20%) of the amount of delinquent contributions due and owing; (4) reasonable attorneys' fees and costs incurred by Plaintiffs in this action; and (5) such other legal or equitable relief as the Court deems appropriate.

**SECOND CLAIM FOR RELIEF AGAINST PRESTIGE PLUMBING**
*Violation of Collective Bargaining Agreement under 29 U.S.C. § 185*

28.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

29.     Section 301 of the LMRA, 29 U.S.C. § 185, authorizes the Plaintiffs, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

30.     Prestige Plumbing violated the terms of the CBA when it failed to make all contributions due and owing for Covered Work revealed by the Audit for the period February 1, 2016 through November 30, 2018.

31.     As a result of Prestige Plumbing's violation, Plaintiffs are entitled to damages and other equitable relief pursuant to section 301 of the LMRA, 29 U.S.C. § 185.

**WHEREFORE**, Plaintiffs respectfully request that this Court:

i. Award judgment in favor of Plaintiffs and against Defendant Prestige Plumbing for its failure to timely remit contributions and other related payments required by the CBA for the period February 1, 2016 through November 30, 2018;

ii. Order Prestige Plumbing to pay the Plaintiffs: (1) contributions of $68,185.16 and union assessments and other related payments of $5,432.01 uncovered by the Audit; (2) interest on the delinquent contributions adjudged to be due and owing at an annual rate of ten percent (10%); (3) liquidated damages in the amount of twenty percent (20%) of the amount of delinquent contributions due and owing;

iii. Order Prestige Plumbing to pay Plaintiffs: (1) reasonable attorneys' fees and costs incurred by Plaintiffs in this action and (2) such other legal or equitable relief as the Court deems appropriate; and

iv. Award Plaintiffs such other and further relief as the Court deems just and proper.

Dated: New York, New York
November 11, 2020

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By: /s/
Adrianna R. Grancio, Esq.
Charles R. Virginia, Esq.
40 Broad Street, 7th Floor
New York, NY 10004
Tel: (212) 943-9080
agrancio@vandallp.com
*Attorneys for Plaintiffs*